JS-6



FILED
CLERK, U.S. DISTRICT COURT
MAY 11 2012
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZMEDIA, a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA M. ESTRIN<br><br>Defendant. | Case No. CV-12-02900-GHK (CWx)<br><br>**STIPULATED JUDGMENT INCLUDING PERMANENT INJUNCTION** |

Plaintiff Buzzmedia ("Buzzmedia") filed its complaint for a permanent injunction and other relief in this matter pursuant, *inter alia,* to 15 U.S.C. §§ 1114 and 1125 for trademark infringement and unfair competition arising out of Defendant Joshua Estrin's use of a term or terms which were confusingly similar to Buzzmedia's registered CELEBUZZ® mark. Buzzmedia and Defendant Estrin stipulate to the entry of this Stipulated Judgment Including Permanent Injunction to resolve all matters in dispute in this action between them. *as between the stipulating parties & based on the stipulation,*

THEREFORE, IT IS ORDERED as follows:

### Findings

1. This Court has jurisdiction over the subject matter of this case and all of the parties pursuant to 15 U.S.C. §§1051 et seq., 28 U.S.C. §§ 1331, 1332 and 1338.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

3. The Complaint states a claim upon which relief may be granted against Defendant Joshua Estrin.

4. Plaintiff and Defendant Joshua Estrin waive all rights to appeal or otherwise challenge or contest the validity of this Judgment.

5. Each party agrees to bear its own fees and costs in connection with this action.

### Permanent Injunctive Order

**IT IS FURTHER ORDERED THAT**, effective as of April 25, 2012 (the "Effective Date"), neither Mr. Estrin, any agent for him, anyone acting in *active concert or participation* ~~conjunction~~ with him, nor anyone acting in privity with him *who shall receive actual notice of this injunction by personal service or otherwise* shall use the term "celebbuzzz" or any similar term in any way, including but not limited to (a) not using any URL that has the term in any part of it, (b) not using the term in any social media, (c) no using the term in connection with any "app" (*e.g.* any iPhone or Android app) or (d) any other

endeavor including any interviewing. Mr. Estrin shall moreover delete any use of "celebbuzzz" of which he is currently aware and over which he has sufficient custody or control to effectuate such a deletion.

Notwithstanding the above, this ORDER provides safe harbors for the following conduct:

a. **Transition Period for Twitter**: Mr. Estrin may be allowed ten (10) calendar days from the Effective Date to change his current Twitter feed using "celebbuzzz" to another feed which does not use any term similar to "celebbuzzz."

b. **Best Efforts for Existing Apps**: Mr. Estrin shall immediately cease marketing or adding any content to any existing apps and shall use every commercially reasonable effort to effect the removal of the iPhone and Android "celebbuzzz" apps from any location available to the public (including but not limited to the I-Tunes and Android stores). Provided that Mr. Estrin complies with the terms of this subsection, Mr. Estrin's failure to immediately effectuate a removal of the apps will not constitute a violation of the injunction.

///

///

///

c. **Safe Harbor For Inadvertent Continuation:** However, it shall not be treated as a violation of the injunction for Mr. Estrin to fail to remove a use of "celebbuzzz" existing before April 25, 2012 if (a) such breach was the result of his inadvertent and good faith failure to delete such use and (b) Mr. Estrin deletes such use within three (3) business days of notice by Buzzmedia.

IT IS SO ORDERED.

DATED: 5/10/12

_____
United States District Judge